IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ALEX RODRIGUEZ, individually
and on behalf of himself and
all others similarly situated,

        Plaintiff,

    v.

IL MULINO, et al.,

        Defendants.

Civil No. 15-1863 (NLH/AMD)

## REPORT AND RECOMMENDATION

This Matter comes before the Court <u>sua</u> <u>sponte</u> in light of Plaintiff Alex Rodriguez's failure to appear for a court-ordered conference on April 18, 2016; failure to enter his appearance or obtain an attorney and have new counsel enter an appearance on his behalf; failure to appear for a court-ordered conference on June 21, 2016; and failure to prosecute his case. (<u>See</u> Order Granting Motion to Withdraw as Counsel [D.I. 27], Apr. 18, 2016; <u>see also</u> Order to Show Cause [D.I. 32] July 12, 2016.) The Court decides this matter on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) in light of the dispositive nature of recommended sanctions. For the reasons set forth herein, the Court recommends that

Plaintiff Alex Rodriguez's complaint be dismissed with prejudice.

The complaint in this matter was filed on behalf of Plaintiffs, Robert Hawes and Alex Rodriguez, individually and on behalf of themselves and all others similarly situated, by the law firm of Costello & Mains, LLC on March 12, 2015. (See Complaint [D.I. 1].) The complaint alleges violations of the Fair Labor Standards Act. (See generally id.) On January 4, 2016, a stipulation of dismissal was filed on behalf of Plaintiff Robert Hawes. (See Stipulation of Dismissal [D.I. 20].) Thereafter, on March 3, 2016, the law firm of Costello & Mains, LLC filed a motion to withdraw as counsel for Plaintiff Alex Rodriguez. (See Motion to Withdraw [D.I. 22].) The Court, by way of Order dated March 23, 2016, scheduled an in-person hearing on April 18, 2016 and directed the law firm of Costello & Mains, LLC to "advise the Plaintiff Alex Rodriguez of the date and time of the hearing by mailing a copy of [the] Order by first class mail and certified mail" and further directed that "[c]ounsel for Plaintiff and Plaintiff Alex Rodriguez shall appear in person at the hearing." (See Scheduling Order [D.I. 26], Mar. 23, 2016, 1.) Plaintiff Alex Rodriguez failed to appear at the hearing on April 18, 2016, and the Court subsequently granted the motion to withdraw filed on behalf of the law firm of Costello & Mains, LLC. In the Court's Order

2

granting withdrawal, dated April 18, 2016, the Court directed that "Plaintiff Alex Rodriguez shall either enter an appearance pro se or shall obtain an attorney and have new counsel enter an appearance on his behalf in this case **within thirty (30) days** from the date of entry of this Order[.]" (See Order [D.I. 27], Apr. 18, 2016, 2.) Additionally, the Court directed the law firm of Costello & Mains, LLC to serve a copy of the Order on Plaintiff and to file proof of service of the Order on the docket in order for withdrawal to become effective. The Order also set forth that "Plaintiff Alex Rodriguez, or his new counsel, shall appear for an in-person conference" on June 21, 2016. (Id. at 2.) A certificate of service was filed on May 9, 2016 by Deborah L. Mains, Esquire, of the law firm of Costello & Mains, LLC certifying that Plaintiff Alex Rodriguez was notified of the motion hearing scheduled for April 18, 2016 by regular and certified mail. (See Certificate of Service [D.I. 29], ¶ 2.) Ms. Mains also certified that a copy of the Court's Order relieving Costello & Mains, LLC as counsel and scheduling an in-person conference for June 21, 2016 was also served upon Plaintiff Alex Rodriguez by way of regular and certified mail. (Id. at ¶ 3.) The Court notes that Plaintiff Alex Rodriguez also failed to appear for the June 21, 2016 conference. Shortly thereafter, the Court issued an Order to Show Cause on July 12, 2016 directing Plaintiff Alex Rodriguez to appear on August 4,

3

2016 to "show cause as to why an Order for sanctions, including an order for dismissal, should not be entered for (1) his failure to enter an appearance or have an attorney enter an appearance on his behalf; (2) his failure to appear at the court-ordered conference on June 21, 2016; and (3) and for Plaintiff's failure to prosecute his case[.]" (See Order to Show Cause [D.I. 32], July 12, 2016, 2.) The Court further warned that failure to appear at the Court's August 4, 2016 hearing "may result in the imposition of sanctions, including dismissal of the case." (Id. at 3.) The Order to Show Cause was mailed by the Clerk's Office to Plaintiff Alex Rodriguez by first class mail and certified mail. As of this date, no mail, sent either by first class mail or certified mail, has been returned to the Clerk's Office as undeliverable. However, the return receipt card has also not been returned with a signature by Alex Rodriguez, or alternatively, returned as unclaimed. The Court must determine whether Plaintiff Alex Rodriguez's failure to comply with the Court's Orders and to prosecute this action warrants the dismissal of Plaintiff's case.

Federal Rule of Civil Procedure 41(b) enables the Court to sua sponte dismiss an action where "the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure and/or "a court order[.]" FED. R. CIV. P. 41(b); see also Shields v. Comm'r of Soc. Sec., 474 F. App'x 857, 858 (3d

Cir. 2012) (noting that, "[u]nder Federal Rule of Civil Procedure 41(b), a district court may dismiss an action <u>sua sponte</u> if a plaintiff fails to prosecute his case") (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962)). Federal Rule of Civil Procedure 37(b) similarly authorizes the striking of pleadings or the dismissal of an action where a party "fails to obey an order to provide or permit discovery[.]"[1] FED. R. CIV. P. 37(b)(2)(A). Dismissals, however, constitute "'drastic sanctions, termed 'extreme' by the Supreme Court, ... and are to be reserved for [such] cases.'" <u>Chiarulli v. Taylor</u>, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010) (quoting <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 867-68 (3d Cir. 1984)), <u>adopted by</u>, 2010 WL 1566316 (D.N.J. Apr. 16, 2010) (adopting this Court's report and recommendation). In determining the propriety of dismissal, the Court must ordinarily balance the six factors set forth in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 864, 867-68 (3d Cir. 1984). The Court need not, however, conduct a balancing of the <u>Poulis</u> factors where, as here, "a plaintiff refuses to proceed with his case or otherwise makes adjudication of [the] case impossible[.]" <u>Abulkhair v. New Century Fin. Servs., Inc.</u>, 467

---

[1] The Court may also impose sanctions pursuant to Federal Rule of Civil Procedure 16(f) where a party or its attorney "(A) fails to appear at a scheduling or other pretrial conference" or "(C) fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(A), (C).

F. App'x 151, 153 (3d Cir. 2012) (affirming the district court's dismissal of plaintiff's complaint, despite the fact that the court did not "appear to weigh the Poulis factors"); see also Shipman v. Delaware, 381 F. App'x 162, 164 (3d Cir. 2010) ("when a litigant's conduct makes adjudication of the case impossible," a Poulis balancing "is unnecessary").

Here, Plaintiff has failed to appear for court-ordered conferences and failed to prosecute this action.  Despite clear warning from the Court concerning the effect of noncompliance, Plaintiff has failed to appear for the Court's multiple conferences; failed to enter an appearance pro se in this matter and/or failed to have an attorney enter an appearance on his behalf.  Nor has Plaintiff proffered any explanation for his failure to participate in the prosecution of this action.  The Court therefore finds that Plaintiff's repeated failures have rendered "impossible" the adjudication of Plaintiff's case.  See Abulkhair, 467 F. App'x at 153.  Consequently, the Court need not conduct a Poulis balancing under these circumstances because Plaintiff's failure to prosecute, without more, warrants the dismissal of Plaintiff's complaint.  See Abulkhair, 467 F. App'x at 153 (finding a Poulis balancing "not necessary" in light of plaintiff's repeated failures to respond and to comply with the court's orders); Shipman, 381 F. App'x at 164 (finding "dismissal for failure to prosecute" warranted, notwithstanding

the fact that "the District Court did not make explicit findings concerning the Poulis factors").

However, even upon consideration of the Poulis factors, the Court concludes that the present circumstances warrant the dismissal of Plaintiff's complaint. Specifically, in accordance with the Poulis factors, the Court evaluates:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. Poulis, however, "'requires the District Court only to balance the six factors and does not set one factor forth as determinative.'" Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C., No. 12-722, 2013 WL 5176735, at *3 (D.N.J. Sept. 12, 2013) (quoting Chiarulli, 2010 WL 1371944, at *4). The Court therefore need not "find each factor in order to justify a dismissal." Starland v. Fusari, No. 10-4930, 2012 WL 3277084, at *2 (D.N.J. Aug. 9, 2012) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988); Azkour v. Aria, 330 F. App'x 373, 375 (3d Cir. 2009)).

The first Poulis factor requires an examination of the extent of the party's personal responsibility. Poulis, 747 F.2d

at 868. Plaintiff's pro se status renders Plaintiff solely responsible for the prosecution and pursuit of his claims. See Shandex Indus. Inc. v. Vent Right Corp., No. 09-4148, 2011 WL 6132439, at *4 (D.N.J. Dec. 8, 2011) (holding the defendant, a pro se litigant, personally responsible for failure to comply with court orders and failure to appear without explanation); see also Balla v. Vortez, No. 10-104, 2011 WL 1749928, at *2 (D.N.J. May 6, 2011) (noting that the "[p]laintiff chose to proceed pro se and, therefore, bears sole responsibility for the prosecution of his claims and compliance with the rules of discovery and this Court's orders"); see also Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 920 (3d Cir. 1992) (noting that, as pro se litigants, the defendants "had personal responsibility for the conduct of the litigation"). The Court therefore finds Plaintiff's failures to appear and to comply with Court Orders solely attributable to Plaintiff. The first Poulis factor accordingly favors dismissal of Plaintiff's complaint.

"Under the second Poulis factor, the Court examines the prejudice to other parties caused by the delay, including considering whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party.'" Chiarulli, 2010 WL 1371944, at *3 (quoting Huertas v. City of

8

Phila., No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005), aff'd, 139 F. App'x 444 (3d Cir. 2005), cert. denied, 546 U.S. 1076 (2005)). However, prejudice need not be "'irremediable' or 'irreparable[.]'" Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (citation omitted). Rather, a party may be prejudiced if the adversary's conduct impedes "its 'ability to prepare effectively a full and complete trial strategy[.]'" Chiarulli, 2010 WL 1371944, at *3 (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). Here, the Court finds that Plaintiff's failures to appear, failures to comply with court orders, and failure to otherwise pursue this action beyond the pleadings have prejudiced Defendant's ability to cull facts necessary to defend against Plaintiff's claims. See Hayes v. Nestor, No. 09-6092, 2013 WL 5176703, at *4 (D.N.J. Sept. 12, 2013) (adopting this Court's report and recommendation, which found that the plaintiff's conduct rendered "it unnecessarily difficult for [d]efendants to litigate the case"); see also Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. 10-4520, 2012 WL 2340418, at *4 (D.N.J. June 19, 2012) (adopting this Court's report and recommendation finding that "[p]laintiffs [were] prejudiced by [d]efendant's failure to appear because [p]laintiffs [were] unable to move beyond the discovery phase of litigation") (citing Hoxworth, 980 F.2d at 920 (finding prejudice to plaintiffs where defendants "never adequately made"

9

discovery responses)). The second Poulis factor therefore heavily favors dismissal. See Chiarulli, 2010 WL 1371944, at *3 (noting that "[a] finding of prejudice to the opposition party under Poulis 'weighs heavily in favor of dismissal'") (citation omitted).

Under the third Poulis factor, the Court examines whether the disputed conduct evinces a pattern of dilatoriness. Poulis, 757 F.2d at 868. "'Extensive or repeated delay or delinquency'" or "'consistent tardiness in complying with court orders'" suffice to demonstrate a history of dilatoriness. Chiarulli, 2010 WL 1371944, at *3 (quoting Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citing Poulis, 747 F.2d at 868)). However, the Court need not find multiple instances of dilatory action in order to warrant dismissal. Poulis, 747 F.2d at 868. Plaintiff's repeated failures to appear, without more, demonstrate a history of dilatory action. The third Poulis factor therefore favors dismissal. See Solomon v. Atl. City Hilton Casino & Resort, No. 10-5701, 2013 WL 3070884, at *5 (D.N.J. Apr. 8, 2013) (finding plaintiff's failure to provide Rule 26 disclosures or to respond to defendants' motions to dismiss demonstrated a history of dilatoriness), adopted by, 2013 WL 2445015 (D.N.J. May 7, 2013).

The fourth Poulis factor considers whether the disputed conduct rises to the level of willful or bad faith.

10

*Poulis*, 747 F.2d at 868. "In the context of discovery sanctions, willfulness and bad faith 'involve[] intentional or self-serving behavior.'" *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Adams*, 29 F.3d at 875). Moreover, where the record remains unclear, "a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth *Poulis* factor.'" *Hunt-Ruble*, 2012 WL 2340418, at *5 (adopting and restating this Court's report and recommendation) (quoting *Martino v. Solaris Health Sys. Corp.*, No. 04-6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007) (citing *Gilligan v. Cape May Cty. Corr.*, No. 05-1177, 2006 WL 3454864, at *3 (D.N.J. Nov. 28, 2006))). In this case, Plaintiff has proffered no justification for failing to comply with the Court's Orders. The Court's Order to Show Cause expressly provided that, failure to appear "may result in the imposition of sanctions, including dismissal of the case." (*See* Order to Show Cause [D.I. 32], July 12, 2016, 2.) Notwithstanding that unequivocal warning, Plaintiff failed to appear. The Court therefore finds that Plaintiff's actions constitute "a willful failure to participate in this litigation[,]" rather than mere "negligence[.]" *Hunt-Ruble*, 2012 WL 2340418, at *5 (citing *Jackson Hewitt, Inc. v. Adams*, No. 04-3610, 2006 WL 1457989, at *3 (D.N.J. May 22, 2006)); *see also Hayes*, 2013 WL 5176703, at *5 (adopting this Court's report and recommendation finding the plaintiff's

11

noncompliance with the Court's orders to be willful and intentional). The fourth Poulis factor therefore favors dismissal.

With respect to the fifth Poulis factor, the Court considers the efficacy of sanctions other than dismissal. See Poulis, 747 F.2d at 868. Plaintiff's multiple failures to appear demonstrate Plaintiff's intention to no longer prosecute this action. The Court therefore finds that sanctions other than dismissal would prove ineffective in compelling compliance with court orders. See Williams v. Sullivan, No. 08-1210, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011), adopted by, 2011 WL 2112301 (D.N.J. May 25, 2011), aff'd, 506 F. App'x 156 (3d Cir. 2012) (concluding that, "alternative sanctions would not prompt [p]laintiff to comply with his discovery obligations given his refusal to comply thus far even after being placed on notice that sanctions may be imposed."). The fifth Poulis factor therefore favors dismissal.

The final Poulis factor requires an evaluation of the meritoriousness of Plaintiff's claim. In addressing the meritoriousness of a pleading, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. A court need not, however, "balance both parties' claims and defenses" nor "have a

mini-trial before it can impose a default." <u>Hoxworth</u>, 980 F.2d at 922.  At this stage of the proceedings, the Court lacks a record sufficient to evaluate the meritoriousness of Plaintiff's claim.  The Court therefore finds this factor neutral.  <u>See</u> <u>Caffrey v. Scott</u>, No. 10-5055, 2011 WL 4528169, at *4 n.1 (D.N.J. Sept. 28, 2011) (finding the sixth <u>Poulis</u> factor "largely neutral" because the Court did not possess "sufficient grounds to evaluate the meritoriousness" of plaintiff's claims at that stage of the proceeding).

> "'<u>Poulis</u> requires the District Court only to balance the six factors and does not set one factor forth as determinative.'" <u>See</u> <u>Williams</u>, 2011 WL 2119095, at *8 (quoting <u>Chiarulli</u>, 2010 WL 1371944, at *4).  In this case, the Court finds that, on balance, the <u>Poulis</u> factors warrant dismissal of Plaintiff's complaint.  For the reasons set forth herein, the Court therefore respectfully recommends that Plaintiff's complaint be dismissed with prejudice.

**Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b)(2).**

                                        s/ Ann Marie Donio
                                        ANN MARIE DONIO
                                        UNITED STATES MAGISTRATE JUDGE

Dated: September 13, 2016

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ALEX RODRIGUEZ, individually
and on behalf of himself and
all others similarly situated,          Civil No. 15-1863 (NLH/AMD)

                    Plaintiff,

          v.

IL MULINO, et al.,

                    Defendants.

**PROPOSED ORDER**

This matter comes before the Court <u>sua sponte</u> in light of <u>pro se</u> Plaintiff Alex Rodriguez's failure to appear for a court-ordered conference on April 18, 2016; failure to enter his appearance or obtain an attorney and have new counsel enter an appearance on his behalf; failure to appear for a court-ordered conference on June 21, 2016; and failure to prosecute his case. (<u>See</u> Order to Show Cause [D.I. 32], July 12, 2016); and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they had fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to Local Civil Rule 72.1(c)(2), and no objections having been received; and the Court finding that the

Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown:

IT IS on this ___ day of _____ 2016 hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Complaint shall be, and hereby is, **DISMISSED WITH PREJUDICE**.


_____      _____
NOEL L. HILLMAN
UNITED STATES DISTRICT JUDGE